# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| VIRGINIA MAYFIELD, Individually and as Plaintiff ad litem, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. 10-4143-CV-C-NKL |
| UNITED STATES OF AMERICA, | )<br>)<br>) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

On Thursday, June 2, 2011, the parties appeared by counsel and presented evidence in support of the Joint Motion Regarding Stipulation for Compromise Settlement and Release of Claims (the "Joint Motion") (Doc. 21), which includes the Stipulation for Compromise and Release of Claims as Exhibit A, in the above-captioned matter.[1]  Present at the hearing were Thomas K. Neill of Gray Ritter & Graham, P.C., on behalf of plaintiff, and Assistant United States Attorney Amy B. Marcus on behalf of defendant United States of America.  The Court heard evidence on the previously filed Joint Motion.

Based upon a review of the previously filed documents and hearing of evidence presented, the Court makes the following findings and recommendations:

1. The parties' Joint Motion (Doc. 21) should be approved and granted as a fair and reasonable settlement of all claims in the action.

2. The previously filed Stipulation for Compromise Settlement and Release of Claims (Doc. 21, Exh. 1) should be approved and incorporated as part of the District Court's Order.

3. All members of the class of individuals entitled to recover and share in the proceeds of this wrongful death action, as per Mo. Rev. Stat. § 537.080, received notice of the hearing.  The sole beneficiary of the settlement proceeds is Virginia Mayfield, the decedent Norman

---

[1]This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

Mayfield's mother. Norman Mayfield was not married and fathered no children during his life. His father is deceased. Although Virginia Mayfield was not present at the hearing, she did receive notice as required by section 537.080. In addition, Ms. Mayfield filed an affidavit (Doc. 21, Exh. 2) requesting the approval of the wrongful death settlement and apportionment of the settlement proceeds. In her affidavit, Ms. Mayfield states she believes the settlement proposal is fair and reasonable and asks the District Court to approve its terms.

  4. The Court further finds the distribution of the settlement proceeds as provided in the Stipulation for Compromise Settlement and Release of Claims (Doc. 21) is equitable and in the best interests of Virginia Mayfield, the individual entitled to recover in this wrongful death action. The Court recommends that the District Court approve and order the distribution of proceeds in the manner described in the Stipulation for Compromise Settlement and Release of Claims (Doc. 21) as follows:

  a. The United States will pay Virginia Mayfield the sum of $300,000.
  b. Pursuant to 28 U.S.C. § 2678, attorney fees for services rendered in connection with this action shall not exceed 25 percent of the settlement amount of $300,000, that is, $75,000.
  c. The parties each agree to bear their own costs, fees, and expenses. Attorney fees and costs owed by plaintiff or Norman Mayfield's estate will be paid out of the settlement amount.

  5. The Court further finds that all aspects of the settlement, as provided in the Stipulation for Compromise Settlement and Release of Claims (Doc. 21), are in compliance with and valid under Mo. Rev. Stat. §§ 537.080 and 537.095.

  IT IS, THEREFORE, RECOMMENDED that the District Court enter an order in the above cause approving the settlement as described in the Stipulation for Compromise Settlement and Release of Claims (Doc. 21) and as outlined in paragraph 4. above.

  Counsel are reminded they have fourteen days from the date of receipt of a copy of this Report and Recommendation within which to file and serve objections. A failure to file and serve exceptions by this date shall bar an attack on appeal of the factual findings in the Report

and Recommendation which are accepted or adopted by the district judge, except on the grounds of plain error or manifest injustice.

Dated this 6th day of June, 2011, at Jefferson City, Missouri.

/s/ *Matt J. Whitworth*
MATT J. WHITWORTH
United States Magistrate Judge